**LISA J. RODRIGUEZ**
**RANDALL P. HSIA**
**OSAZENORIUWA EBOSE**
**Schnader Harrison Segal & Lewis LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1166**
**Phone: (856) 482-5741**
**Fax: (856) 482-6980**

*Attorneys for Defendant MRO*

| | |
|---|---|
| CIPRIANI & WERNER, P.C.<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL RECORDS ONLINE, INC. (d/b/a "MRO") | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY, LAW DIVISION<br><br>DOCKET NO. CAM-L-000727-20<br><br><br><br>NOTICE OF REMOVAL |

TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT
         DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE that Defendant MRO Corporation ("MRO"), misidentified in the caption and complaint as Medical Records Online, by and through its attorneys, Schnader Harrison Segal & Lewis LLP, hereby removes the above-entitled action from the Superior Court of New Jersey, Camden County (the "State Court") to this United States District Court for the District of New Jersey, Camden Vicinage, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332 and 1441, the Class Action Fairness Act of 2005 ("CAFA"), and all other applicable bases for removal.  MRO believes that all of Plaintiff's claims are without merit, and will dispute them at the appropriate time, but in support of its Notice of Removal MRO states as follows:

## BACKGROUND FACTS AND PROCEDURAL STATUS

1. On or about February 27, 2020, Plaintiff Cipriani &Werner, P.C., on behalf of itself and all others similarly situated ("Plaintiff") filed a Complaint styled as a putative class action in the State Court, Docket No. CAM-L-000727-20, entitled Cipriani & Werner, P.C. v. Medical Records Online, Inc., (d/b/a "MRO") (the "State Court Action")

2. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A is an index identifying each document filed in the State Court Action. A true and correct copy of each document filed by Plaintiff is attached in chronological order. The Complaint is Exhibit B, the Track Assignment Notice issued by the state court is Exhibit C and the Certificate of Service is Exhibit D. To the best of MRO's information and belief these documents constitute all of the process, pleadings and orders served on MRO.

3. MRO was served with the summons and complaint on February 27, 2020. Pursuant to Fed. R. Civ. P. 81 (c)(2)(A), MRO must answer or otherwise plead in response to the Complaint within 21 days of service of the Complaint, by March 19, 2020. In accordance with L.Civ R. 6.1(b), MRO is entitled to a Clerk's extension which allows for an additional fourteen (14) day extension of this time period. MRO files the L.Civ.R. 6.1(b) application for an extension of time for MRO to answer or otherwise plead together with this application for removal.

4. MRO's Notice of Removal is timely pursuant to 28 U.S.C. § 1446 (b), which provides that the Notice of Removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the Claim for relief upon which such action or proceeding is based." MRO has filed this Notice of Removal within 30 days of February 27, 2020. See Ex. D (Certificate of Service).

5. MRO has given contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

6. This matter may be removed by MRO pursuant to 28 U.S.C. § 1446 (b), the Class Action Fairness Act, and other basis for removal.

7. Plaintiff purports to bring this as a class action pursuant to N.J. Court Rule 4:32. The Class is defined as:

> All persons or entities who, between September 1, 2015 and February 29, 2020, who:
>
> 1. Submitted a release signed by a patient allowing them to receive copies of the patient's New Jersey hospital records;
>
> 2. Downloaded copies of such New Jersey hospital records electronically via the internet from MRO using the PDF E-Delivery system;
>
> 3. Paid the fee demanded by MRO for such records; and
>
> 4. Was not the patient, the patient's attorney, or the patient's legally authorized representative.

(the PDF E-Delivery Class, Ex. B, Compl. ¶ 124)

and also on behalf of:

> All person or entities who, between September 1, 2015 and February 29, 2020, who:
>
> 1. Submitted a release signed by a patient allowing them to receive copies of the patient's New Jersey hospital records;
>
> 2. Received copies of such New Jersey hospital records on CD from MRO;
>
> 3. Paid the fee demanded by MRO for such records; and
>
> 4. Was not the patient, the patient's attorney, or the patient's legally authorized representative.

(the CD Class, Ex. B, Compl. ¶ 125)

8. Plaintiff alleges that its claims are typical of those of the putative class members it seeks to represent. (Compl. ¶ 132)

9. Plaintiff alleges claims based upon MRO's alleged overcharging for services related to copying medical records, in violation of N.J.A.C. 8:43-G-15.3(e) and a 2015 Department of Health Memorandum. (Compl. generally)

## CLASS ACTION FAIRNESS ACT

10. The Class Action Fairness Act ("CAFA"), passed in 2005, enlarged federal jurisdiction to include certain class actions that meet statutory thresholds, including those actions first filed in state courts. *See Smith v. Honeywell Int'l, Inc.*, Civil Action No. 10-CV-03345-ES-SCM, 2013 U.S. Dist. LEXIS 72995, at *5 (D.N.J. Apr. 18, 2013) (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009)).

11. In general, CAFA amended the diversity statute to confer federal jurisdiction over certain class actions in which: (i) minimal diversity exists between the parties, (i.e., where "any class member is a citizen of a State different from any defendant"); (ii) the proposed class contains at least 100 members (the "numerosity" requirement); and (iii) the aggregate amount in controversy exceeds $5,000,000. *Id.; see also* 28 U.S.C. §§ 1332(d)(2)-(6). As explained below, each of these criteria are met here.

12. CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

## CITIZENSHIP OF THE PARTIES

13. CAFA's minimum diversity requirement is met in this case, as the named Plaintiff is a citizen of a state different from defendant.

14. Plaintiff claims to be a New Jersey Licensed Professional Corporation with offices in New Jersey. (Ex. B, Compl. ¶ 16). Thus, on information and belief, Plaintiff is a

citizen of New Jersey. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418-20 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of each of its members."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

15. MRO is a Pennsylvania Corporation located in Norristown, Pennsylvania. (Ex. B, Compl. ¶ 7) (The complaint recognizes MRO is a Pennsylvania Corporation but misstates the location within Pennsylvania).

16. For purposes of establishing the minimal diversity necessary to invoke the jurisdiction of this Court under CAFA, MRO need only establish that members of Plaintiff's class are citizens of different states than any defendant. 28 U.S.C. §§ 1332(d)(2)(A) AND 1453(b). MRO has met its burden, as Plaintiff (a citizen of New Jersey) and MRO (a citizen of Pennsylvania) are sufficiently diverse for purposes of the removal of this action under CAFA.

## NUMEROSITY

17. Likewise, based on Plaintiff's allegations in the Complaint that the class consists of at least one hundred persons (Ex. B, Compl. ¶ 126), the proposed class – if certified – would contain more than 100 members.

18. Moreover, MRO while denying any liability on account of Plaintiff's allegations, confirms that more than 100 persons or entities who requested, received, and paid for electronic copies of medical records during the stated time period.

## AMOUNT IN CONTROVERSY

19. The final requirement for CAFA jurisdiction — that the amount in controversy exceeds $5,000,000 — is also met in this case. Although Plaintiff seeks to limit the damages to

avoid removal ("the total amount in controversy, including attorney's fees, is less than $5 million," Ex. B, Compl. ¶ 4), its efforts are futile as this case clearly meets the $5,000,000 threshold for CAFA jurisdiction.

20. Courts generally consider two factors regarding the amount in controversy: (1) the number of putative class members that are within the class; and (2) the potential value of the alleged aggregate damages suffered by plaintiffs. *See Hoffman v. Nutraceutical Corp.*, 563 F. App. 183, 185-86 (3d Cir. 2014). Where, as here, the amount in controversy is not specified on the face of the Complaint, the Court is permitted to consider facts submitted with the removal petition, including facts submitted by affidavit or declaration. *See Faltaous v. Johnson & Johnson*, No. 07-1572 (JLL), 2007 U.S. Dist. LEXIS 99473, at *18 (D.N.J. Oct. 11, 2007) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205, n.12 (3d Cir. 2001) (stating that the court may consider jurisdictional facts required to support removal contained in later-filed affidavits)); *Margulis v. Resort Rental, LLC*, No. 08-1719 (WJM), 2008 U.S. Dist. LEXIS 115287, at *10-12 (D.N.J. Jun. 30, 2008) (considering facts submitted in an affidavit by defendant to determine the amount in controversy).

21. In the Third Circuit, a defendant seeking removal need only provide a short and plain statement alleging a plausible basis that the amount in controversy requirement is met. *Grace v. T.G.I. Fridays, Inc.*, Civil No. 14-7233 (RBK/KMW), 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89, 135 S.Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation 'that the amount in controversy exceeds the jurisdictional threshold.'")); *Brahamsha v. Supercell OY*, Civ. No. 16-8440, 2017 U.S. Dist. LEXIS 110951, at *7, (D.N.J. July 17, 2017) (quoting Owens, 135 S. Ct. at 554) (same)). "No evidentiary support is required,

and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Brahamsha*, 2017 U.S. Dist. LEXIS 110951, at *9. "Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Owens*, 135 S. Ct. at 554 (emphasis in original).

22. When determining whether the amount in controversy exceeds the $5,000,000.00 jurisdictional threshold, Courts aggregate the claims of individual members. *Grace*, 2015 U.S. Dist. LEXIS 97408, at *20-21. "In other words, CAFA 'tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of the proposed class and determine whether the resulting sum exceeds $5,000,000.00." *Id.* at *21 (citation omitted). If a plaintiff seeks attorney's fees, the Court *must* determine the possible judgment total and estimate as much as thirty percent of that amount in fees. *Id.* at *25 (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (emphasis added)). Moreover, it is appropriate for a court to consider a request for punitive damages and treble damages when determining whether the amount in controversy is satisfied. *See, e.g., Rossi v. P&G*, No. 11¬7238 (JLL), 2012 U.S. Dist. LEXIS 96015, at *16-17 (D.N.J. July 10, 2012); *Hoffman v. Natural Factors Nutritional Prods.*, No. 12-7244-ES-SCM, 2013 U.S. Dist. LEXIS 140931, at *14-16 (D.N.J. Aug. 27, 2013) (considering treble damages in determining amount in controversy). Under New Jersey law, a plaintiff can, under certain circumstances, collect punitive damages of up to five times the compensatory damages or $350,000.00, whichever is

greater. N.J.S.A. § 2A:15-5.14(b); *Frederico*, 507 F.3d at 199 (multiplying potential compensatory damages of award by five for amount in controversy purposes).[1]

23.     Here, Plaintiff's alleged claim under Count Two alone, arising under the New Jersey Consumer Fraud Act, meets CAFA's jurisdictional threshold.  For purposes of CAFA calculations, New Jersey's Consumer Fraud Act permits customers to recover: (1) a full refund; (2) treble damages for any actual damages; and (3) attorneys' fees. *See Grace*, 2015 U.S. Dist. LEXIS 97408, at *23; N.J. Stat. § 56:8-2.11 and N.J. Stat. § 56:8-19.  Here, based upon information and belief, Plaintiff's proposed class definition (*supra*, ¶¶ 124-125 ), Ex. B, Compl. ¶ 52), which proposes a class not limited to New Jersey, includes ten of thousands of potential class members.[2] In support of its class action allegations, Plaintiff alleges that "A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that the out of pocket damages suffered by each class member is less than $200 per bill, making individual actions to recover such amounts economically infeasible." (Ex. B, Compl. ¶ 137).  A simple calculation based upon the alleged damages suffered, multiplied by the potential class, far exceeds the CAFA threshold.

24.     In addition to actual damages plaintiff's complaint seeks treble damages under the New Jersey Consumer Fraud statute, interest and pre-judgment interest, attorneys' fees and costs.

---

[1] Plaintiff's allegation at paragraph 4 of the Complaint that the amount in controversy is less than $5 million is insufficient to prevent removal of this matter pursuant to CAFA. *See Grace*, 2015 U.S. Dist. LEXIS 97408, at *18 (stipulation in complaint that the amount in controversy is below CAFA's jurisdictional limits does not put the amount in controversy in dispute).

[2] MRO is a national corporation and has fulfilled 17,495,486 record requests nationally since 2015.  Although the exact number of requests to New Jersey hospitals is presently unknown, the

number is sufficiently large to assure that the amount in controversy is met.

25. None of the exceptions to jurisdiction set forth in 18 U.S.C. §§ 1332(d)(3) or (d)(4) apply.

## **VENUE**

26. This is a civil action brought in a New Jersey State Court. MRO is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. This court has original jurisdiction in this action under 28 U.S.C. § 1332 because (1) CAFA permits removal of a class action, even without complete diversity of citizenship between the parties; (2) the amount in controversy exceeds $5,000,000.00; and (3) the total membership of the putative class exceeds 100 members. Accordingly, as the State Court Action is now pending in Camden County, New Jersey, MRO is entitled pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the District of New Jersey.

27. By filing this Notice of Removal, MRO does not waive any defenses, either procedural or substantive, which may be available to it.

PHDATA 7223957_1

WHEREFORE, MRO respectfully requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

Dated: March 13, 2020

                                                Respectfully submitted,

                                                */s/ Lisa J. Rodriguez*
                                                Lisa J. Rodriguez
                                                Randall P. Hsia
                                                Osazenoriuwa Ebose
                                                Schnader Harrison Segal & Lewis LLP
                                                Woodland Falls Corporate Park
                                                220 Lake Drive East, Suite 200
                                                Cherry Hill, New Jersey 08002-1166
                                                Phone: (856) 482-5222
                                                Fax: (856) 482-6980
                                                David Smith, Esquire
                                                Schnader Harrison Segal & Lewis LLP
                                                1600 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                Phone: (215) 551-2000
                                                Fax: (215) 751-2205

                                                *Attorneys for Defendant*
                                                *Medical Records Online, Inc.*

PHDATA 7223957_1