

Lisa J. Rodriguez, New Jersey Managing Partner
Woodland Falls Corporate Park
220 Lake Drive East  Suite 200  Cherry Hill, NJ  08002-1165
856.482.5222  Fax 856.482.6980  schnader.com

LISA J. RODRIGUEZ
856-482-5741-Direct Phone
856- 482-2578 - Direct Fax
ljrodriguez@schnader.com

March 26, 2020

**VIA ECF**

The Honorable Renée M. Bumb, U.S.D.J
United States District Court for the
 District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza, Room 2040
Camden, New Jersey  08101

      Re:    Cipriani & Werner, P.C. v. Medical Records Online, Inc.
             Civil Action No. 1:20-cv-02817 (RMB-KMW)

Dear Judge Bumb:

      I write in response to plaintiff's letter requesting a pre-motion conference in advance of its motion for remand.  Here, there is no question that potential damages exceed $5 million.

      MRO's records reflect that during the relevant time period MRO received 123,260 legal requests for an invoice total of $6.4 million.  Admittedly, this figure does include all attorney requests.  MRO's conservative estimate, however, in an attempt to exclude plaintiff lawyer requestors, is 27,117 non-plaintiff attorney requestors.  This yields an estimated invoice total of $1,408,000.  Service company requests totaled 71,200, for a total invoice amount of $3,972,816.43.  Also included in plaintiff's class are requests from insurance companies.  There were 18,539 insurance requests for an invoice total of $410,987.  The total invoice amount collected under the applicable regulatory section was $5,791,804.28.  This total does not include postage charges or the cost of any portable media.  Plaintiff acknowledges that MRO is entitled to charge a $10.00 per request search fee.  The total search fee amount, assuming 116,856 requestors is $1,168,560, which if deducted from the total invoice amount yields $4,623,244.28.  Plaintiff also claims an entitlement to treble damages and attorneys' fees, which amounts are added to the total damage calculation when determining whether diversity exists under the Class Action Fairness Act ("CAFA").  MRO is prepared to provide the necessary affidavits, subject to

The Honorable Renee M. Bumb, U.S.D.J.
March 26, 2020
Page 2

appropriate refinement, to support these figures in its opposition to plaintiff's remand motion. The amount in controversy has been established.  Jurisdiction under CAFA is appropriate.

Judge Hillman's opinion in *Kasher Law Group LLC v Ciox Health, LLC,* 18-cv-1821 ("*Ciox*"), is not instructive.  Plaintiff has not limited this class to New Jersey requestors, the class period is almost 3 times as long and class includes defense lawyers, insurance companies and all others who submit requests with a valid patient authorization.  Also, the pricing structure under the regulation is different.  The regulation upon which plaintiff's complaint is based recognizes that MRO is entitled to a higher per page rate when producing copies of medical records to an entity that is not the patient or the patient's attorney.  Since MRO was entitled to charge more, if plaintiff is correct that the regulation did not control the pricing, MRO will be required to reimburse more.

Here the class includes any requestor, no matter where located, who requested medical records from a New Jersey Hospital who contracts with MRO.  The plaintiff seeks to certify a class period of four and half years from September 15, 2015 through February 29, 2020.  The *Ciox* class was only 20 months long, from March 1, 2016 through December 11, 2017, *See Ciox* 2018 U.S. Dist. LEXIS 150497*7.

The *Ciox* class is defined as all patients who are New Jersey citizens or persons designated by such patients to receive medical records from *Ciox* and who paid an invoice from *Ciox* which exceeded the costs provided for in N.J.A.C. §8:43G-15.3(d), ("Regulation Part d").  This definition is more limited than it appears.  Though the Regulation Part d on its face includes patient requests, those are not controlled by the Regulation Part d.  When a patient requests his own medical records, the Regulation is preempted by the federal law.  In that instance, the applicable pricing structure is set forth in the Health Insurance Portability and Accountability Act ("HIPAA").  Those record requests are governed by HIPAA

Additionally, under the Regulation Part d, MRO is authorized to charge plaintiff's attorneys $1.00 a page for the first hundred pages $.25 for additional pages, capped at $200.00 for each admission.  Here plaintiff brings its claim under N.J.A.C. §8:43G-15.3(e), (the "Regulation Part e").  Under the Regulation Part e, MRO is authorized to charge $1.00 per page, without limitation.  Under plaintiff's theory, it is entitled to recoup all the per page charges MRO has received from medical record requestors from New Jersey hospitals, who is not the patient or the patient's attorney, from September 2015 through February 29, 2020.

The plaintiff also inexplicably relies on litigation pending in state court in *Console v MRO*, Docket No. CAM-L-2133-18, as proof, the amount in controversy cannot be met.  Plaintiff's claim in footnote 1 of its letter is meaningless.  In *Console* the class period is a year and a half shorter.  The class definition yields a substantially smaller class and Regulation Part d itself, with which MRO complied, caps on what can be charged.  Even given the narrower scope of that litigation, the $1.million figure plaintiff relies on as potential damages is prior to trebling under the *N.J. Consumer Fraud Act*, and before the inclusion of attorney's fees.  As in *Ciox*, the *Console* definition is limited to plaintiff's lawyers who request records on behalf of their clients.  Damages in *Console* are further limited to only those plaintiff law firms who have

The Honorable Renee M. Bumb, U.S.D.J.
March 26, 2020
Page 3

not been reimbursed for their litigation costs in obtaining the medical records.  Thus, any plaintiff attorney whose litigation resulted in either a settlement or a verdict at trial are excluded from the class definition and not part of plaintiff's damage calculation.  Thus, the possible recoverable damages in *Console* are substantially limited by the size of the class.  It lends no support to plaintiff's claim that MRO cannot establish the requisite amount in controversy here.

MRO is prepared to support its assertion of jurisdiction by a preponderance of the evidence and is available at the court's convenience to discuss plaintiff's requested leave to seek remand.

Respectfully yours,

*/s/ Lisa J. Rodriguez*
For SCHNADER HARRISON SEGAL & LEWIS LLP

LJR/mpw

cc: all counsel of record (via ecf)